UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 3:07-CR-74 |
| V. ) | (Jordan / Shirley) |
| ) | |
| MARIO ROBERTO DIAZ-MOURILLO, ) | |
| ) | |
| Defendant ) | |

### **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court for a motions hearing on August 30, 2007. Mario Roberto Diaz-Mourillo was present with his attorney Jonathan Moffatt. Assistant United States Attorney Robert Simpson was present on behalf of the United States. At that time, the Court heard argument on defendant's Motion for Release of Brady Materials [Doc. 14] and Motion in Limine on FRE 404(b) and FRE 609 [Doc. 13].

### A. BRADY MATERIALS [DOC. 14]

In this pretrial motion, Mr. Diaz-Mourillo has requested specific evidence he identifies as potentially exculpatory, and asks the Court to order the government to disclose them, citing the authority of Brady v. Maryland, 373 U.S. 83 (1963), Miller v. Pate, 386 U.S. 1 (1967), Giles v. Maryland, 386 U.S. 66 (1967), and Moore v. Illinois, 408 U.S. 786 (1972). Mr. Diaz-Mourillo seeks the following information:

1. Any witness statements in the possession of the government which make any reference to whether the defendant was intoxicated on the date of the car accident in this case.

2. Any record of witness statements taken by investigators, such as reports or rough notes, which allude to references made by the witness to whether the defendant was intoxicated on the date of the car accident in this case.

3. A list of all witnesses interviewed regarding the actions of the defendant on May 27, 2007 including the last known address and telephone number of each witness.

4. Any evidence which may be favorable to the defendant on the question of whether he was voluntarily intoxicated on the night of the accident.

5. The results of any fingerprint tests conducted on any evidence recovered from a Saturn automobile, including, but not limited to, any alcohol bottles.

The United States responds in opposition at [Doc. 18], arguing that the defendant is not entitled to any of the listed information except the results of fingerprint examination. The government argues that there is no general constitutional right to discovery in a criminal case and Brady did not create one, relying upon United States v. Presser, 844 F.2d 1275, 1281 (6th Cir. 1988); and Weatherford v. Bursey, 429 U.S. 545, 559 (1977). The government cited United States v. McCullah, 745 F.2d 350, 353 (6th Cir. 1984) in support of its position that Mr. Diaz-Mourillo is not entitled to learn the identity of the government's trial witnesses. The government stated that it is cognizant of a continuing duty to disclose any Brady evidence that may come to its attention in this case and the it will abide by Brady.

After hearing argument on each issue, the Court found as follows:

**1. Any witness statements in the possession of the government which make any reference to whether the defendant was intoxicated on the date of the car accident in this case**

and

**2. Any record of witness statements taken by investigators, such as reports or rough notes, which allude to references made by the witness to whether the defendant was intoxicated on the date of the car accident in this case**

The Court finds that these two categories constitute Jencks material and are not subject to pretrial disclosure pursuant to Federal Rules of Criminal Procedure, Rule 26.2. As described by the Sixth Circuit, "the Jenks Act generally requires the government, on motion of a defendant, to produce statements in its possession of witnesses who testify at a trial. The defendant is only entitled to the statement after the witness has testified." United States v. Short, 671 F.2d 178, 185 (6th Cir. 1982); accord United States v. Algie, 667 F.2d 569, 571 (6th Cir. 1982); and Palermo v. United States, 360 U.S. 343, 351 (1959). Under the circumstances presented by this case, there is no provision in either the Jencks Act at 18 U.S.C. § 3500 or Rule 26.2 requiring the government to produce statements by government witnesses until after the witness has testified at trial. The Court finds no basis for the Court to order early disclosure here. United States v. Algie, 667 F.2d 569 (6th Cir. 1982). For these reasons, the disclosures sought in **[Doc. 14]** ¶1 and ¶2 are **DENIED**.

**3. A list of all witnesses interviewed regarding the actions of the defendant on May 27, 2007 including the last known address and telephone number of each witness.**

At the hearing, defense counsel made clear that this request was directed to fact witnesses who were interviewed at the scene of the auto accident by investigating law enforcement officers, and not a request for disclosure of witnesses the government may call to testify at trial. The

defendant argued that it appears from an in-cruiser videotape of the scene that the investigating officers did not include information for all witnesses in the accident-related reports. Attorney Moffatt argued that because the investigating officers are apparently the only persons who know the identity of all the witnesses interviewed, there may be favorable evidence that will not come to light without disclosure.

The Court is mindful that "[o]rdinarily, a defendant is not entitled to a list of the names and addresses of the government's witnesses." United States v. Perkins, 994 F.2d 1184, 1190 (6th Cir.), cert. denied, 510 U.S. 903 (1993) (citing Fed. R. Crim. P. 16). The defendant in this case is not requesting a government witness list, however. In United States v. Sammons, 918 F.2d 592 (6th Cir.1990), the Sixth Circuit held that "[w]hen a defendant makes a request for information concerning witness' whereabouts, the government should comply promptly, unless it asserts a privilege ... not to do so." Sammons, 918 F.2d at 602 - 603 (citing United States v. Ariza-Ibarra, 651 F.2d 2, 13 (1st Cir.), cert. denied, 454 U.S. 895 (1981) (citing Roviaro v. United States, 353 U.S. 53 (1957)); United States v. SAA, 859 F.2d 1067, 1073-74 (2d Cir.1988), cert. denied, 489 U.S. 1089 (1989); United States v. Fischel, 686 F.2d 1082 (5th Cir.1982)). The government has not asserted such a privilege in this case. The Court concludes it is appropriate under the facts and circumstances for the United States to disclose to defense counsel the identity of persons who witnessed the events and, if known, their whereabouts.

**4. ANY EVIDENCE WHICH MAY BE FAVORABLE TO THE DEFENDANT ON THE QUESTION OF WHETHER HE WAS VOLUNTARILY INTOXICATED ON THE NIGHT OF THE ACCIDENT.**

The United States agreed that it has a continuing duty to disclose any Brady evidence that may come to its attention in this case and will abide by Brady. At the hearing, the defendant

specifically requested exculpatory evidence pertaining to the location of any alcohol containers within the vehicle and their accessability to the driver. The United States agreed to obtain this information from the investigating officers and disclose any exculpatory material.

### 5. THE RESULTS OF ANY FINGERPRINT TESTS CONDUCTED ON ANY EVIDENCE RECOVERED FROM A SATURN AUTOMOBILE, INCLUDING, BUT NOT LIMITED TO, ANY ALCOHOL BOTTLES.

At the hearing, government reported that a law enforcement agent in the case took fingerprints from some items found in the car alleged to have been driven by the defendant. These items included a large beer bottle. AUSA Simpson was not in a position to say whether these fingerprints were compared with those of the defendant or if they have been subject to any other forensic analysis. The government agreed that the results of a fingerprint analysis could be exculpatory, given the facts and circumstances of this case, and further agreed to seek out this information. The government agreed that if this information is exculpatory, it will be disclosed to the defense.

### B. MOTION IN LIMINE ON FRE 404(B) AND FRE 609 [DOC. 13]

Mr. Diaz-Mourillo objects to the introduction of any evidence related to two earlier traffic stops of his vehicle. Although the parties argued a number of issues raised in this motion, the United States and Mr. Diaz-Mourillo have agreed to a final resolution of these issues. The United States stated at the hearing that it does not intend to introduce evidence of defendant's prior convictions for Driving Under the Influence resulting from the traffic stops in question. At the hearing, the parties indicated they may enter into a stipulation resolving the remaining issues. The Court has been informed that this has occurred, and that Mr. Diaz-Mourillo will agree that he was the driver of the vehicle in question at the time of these events on May 27, 2007.

Accordingly, Defendant's Motion in Limine on FRE 404(b) and FRE 609 **[Doc. 13]** is **DENIED** as moot.

## C. Conclusion

For the reasons stated herein, defendant's Motion for Release of Brady Materials **[Doc. 14]** is **GRANTED** in part and **DENIED** in part; and the Motion in Limine on FRE 404(b) and FRE 609 **[Doc. 13]** is **DENIED** as moot..

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge